IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

REBECCA MASSEY,

                Plaintiff,

v.                                CIVIL ACTION NO.  2:25-cv-00124

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion for Default Judgment against Plaintiff Rebecca Massey ("Plaintiff"). (ECF No. 9.) For the reasons discussed herein, the motion is **GRANTED**.

### I.  BACKGROUND

On February 26, 2022, Plaintiff's home was destroyed by a fire. (ECF No. 1-1 at 5, ¶ 4.) At the time of this accident, Plaintiff had a home insurance policy with Nationwide. (*Id.*, ¶ 3.) Plaintiff reported the fire loss to Nationwide, which refused to pay for the damages under the policy. (*See id.*, ¶¶ 6–7.) On February 26, 2024, Plaintiff filed suit in the Circuit County of Boone County, West Virginia, asserting a claim for breach of contract against Nationwide. (*See generally id.*)

Nationwide was served on February 4, 2025, and removed this action to federal court on February 26, 2025. (ECF No. 1 at 2.) The same day, Nationwide filed an Answer and a

1

Counterclaim.  (ECF No. 3.)  Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the Counterclaim seeks declaratory judgment that there is no coverage under the Nationwide Policy for the February 26, 2022 fire loss, because the home in question was left vacant or unoccupied beyond a period of 60 days prior to the loss, which violates a condition of the insurance coverage in question.  (*Id.* at 5.)  Plaintiff did not file an answer to this Counterclaim.

On April 15, 2025, the Clerk entered default against Plaintiff regarding Nationwide's Counterclaim, (ECF No. 8), pursuant to Nationwide's Motion for Entry of Default, (ECF No. 5).  Thereafter, Nationwide filed the pending Motion for Default Judgment on April 22, 2025.  (ECF No. 9.)  To date, Plaintiff has not filed a response.  As such, this motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

District courts may enter default judgment against a properly served party under Federal Rule of Civil Procedure 55.  Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend[.]"  Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move the court for default judgment pursuant to Rule 55(b).  *See* Fed. R. Civ. P. 55(b).

When reviewing a motion for default judgment, courts should review the complaint to determine if the "face of the pleadings supports the default judgment and the causes of action therein."  *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Thus, all well-pleaded facts alleged in the complaint as to liability may be taken as true.

*See id.* (internal citation omitted).  In other words, a court should evaluate the movant's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine that the Complaint contains "plausible claims in which relief may be granted."  *Blake v. PSI*, 2023 WL 9103092, at *3 (E.D. Va., 2023); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court, however, must not enter default judgment that "differ[s] in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

### III.   DISCUSSION

A. *Default Judgment against Plaintiff*

The Declaratory Judgment Act, 28 U.S.C. § 2201, as relevant here, states as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  The Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (citation omitted).  A declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

"In prior cases, this court has hesitated to enter default judgment in a suit for declaratory relief, especially in the area of insurance disputes."  *Star Ins. Co. v. Merging Express, LLC*, No. 2:24-CV-00706, 2025 WL 994695, at *2 (S.D. W. Va. Apr. 2, 2025) (collecting cases).  Nevertheless, Nationwide filed its Counterclaim on February 26, 2025, (ECF No. 3), and Plaintiff

has utterly failed to respond or otherwise appear or defend against this Counterclaim. Plaintiff's counsel was served through the CM/ECF system,[1] and Nationwide even reached out directly to Plaintiff's counsel after he failed to file a timely answer under Federal Rule of Civil Procedure 12(a)(1)(B). (*See* ECF Nos. 9 at 1–2; 5-2; 5-3.) Hearing nothing in return, Nationwide filed a Motion for Entry of Default, (ECF No. 5), which was served to Plaintiff's counsel through the CM/ECF system. The Clerk entered default against Plaintiff, which was served to Plaintiff's counsel through the CM/ECF system and via certified mail. (ECF No. 8.) Nationwide then filed the pending Motion for Default Judgment, which was served to Plaintiff's counsel through the CM/ECF system. (ECF No. 9.)

Still, crickets.

As a result, the factual allegations in the Counterclaim are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). Accepting the well-pleaded factual allegations in the Counterclaim as true, Nationwide has sufficiently pled an action for declaratory judgment. Nationwide alleged a contractual relationship with Plaintiff in the form of an insurance policy. (ECF No. 3 at 5, ¶ 1.) Nationwide has alleged that, under the insurance policy, there is no fire coverage when the insured "building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days." (*Id.* ¶ 2; *see also* ECF No. 9-1 at 40.) Further, according to Nationwide, Plaintiff's home under the policy had been vacant or unoccupied for more than 60 days prior to the February 26, 2022 fire. (ECF No. 3 at 5, ¶ 4.) This allegation is purportedly supported by a recorded statement of and documentation from Plaintiff. (*Id.*) Given these facts,

---

[1] The Court notes that Plaintiff's email address on the CM/ECF system matches the email address listed for Plaintiff on the West Virginia State Bar directory. (*See* ECF No. 5-1.)

and the plain language of the policy provisions cited directly in the Counterclaim, these allegations seem plausible.

Accordingly, default judgment against Plaintiff is proper, and Nationwide's motion is **GRANTED**.

B. *Remainder of the Case*

"The law -of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) (citations omitted). The Supreme Court has cautioned that, while a "court has the power to revisit prior decisions of its own . . . courts should be loathe [sic] to do so in the absence of extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *see also TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (recognizing three exceptions to the law-of-the-case doctrine).

In granting default judgment, the Court is awarding Nationwide the declaratory judgment relief sought in its Counterclaim that there is no coverage under the Nationwide Policy for the February 26, 2022 fire loss. (*See* ECF No. 3 at 5–6.) It would appear, then, that this declaratory judgment forecloses Plaintiff's breach of contract claim based on Nationwide's declination to pay under the Nationwide Policy for the February 26, 2022 fire. (ECF No. 1-1 at 4–5.) Further, as is evident, the Court is perplexed by Plaintiff's lack of participation in this matter. In fact, dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) may be proper.

Therefore, the Court **ORDERS** Plaintiff to show cause in writing no later than **June 4, 2025**, as to why this civil action should not be dismissed, either under the law-of-the-case doctrine or for failure to prosecute pursuant to Rule 41(b), or both.

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** Nationwide's Motions for Default Judgment against Plaintiff.  (ECF No. 9.) Therefore, Nationwide is **GRANTED** the declaratory judgment relief sought in its Counterclaim, (ECF No. 3 at 5–6), and the Court **DECLARES** that there is no coverage under the Nationwide Policy for the February 26, 2022 fire loss, because the home in question was left vacant or unoccupied beyond a period of 60 days prior to the loss, which violates a condition of the insurance coverage in question.   The Court further **ORDERS** Plaintiff to show cause in writing no later than **June 4, 2025**, as to why this civil action should not be dismissed.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   May 22, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE